Case number 24-3032. United States of America v. James Fitzgerald Honesty Appellant. Mr. Katzoff for the appellant, Mr. Goodhand for the appellate. May it please the court, good morning. My name is Howard Katzoff, attorney for James Honesty, appellant in this case. It's a criminal case involving Mr. Honesty's plea agreement, written plea agreement to plead to two counts of an indictment, felon in possession of a firearm and possession with intent to distribute PCP. The plea agreement included certain promises both ways but significantly included the government's promise to allocute for, to cap its at the top of the applicable guideline range as determined by the court. Mr. Honesty contends that the totality of the government's allocution supported a position that the higher, the next highest guideline range was perhaps more appropriate, at a minimum that the applicable guideline range did not seem to be significant appropriate and is claimed that the, based on the breach of the plea agreement by the government, that he should have his sentence vacated and be remanded for resentencing and we would submit the court should apply the three-factor test. We think the case should probably be reassigned to a judge. Do you have any, any support for reassignment case in which we have reassigned in a situation like this as sentencing? I think King Gore was a reassignment, a case where the factors aligned for reassignment. I believe the case was one where the factors were discussed and in that case reassignment was not. I would say in this case what we have is a plea and sentencing so the matter is relatively much less in terms of a record than a trial matter and therefore the use of resources or the potential waste of resources is minimal. We always say you can't unring the bell. I would submit that the, you know, the issues that we believe were improperly raised that that should swing in favor of a reassignment and the appearance of and fairness of justice and looking at the three factors because it's a plea and sentencing because you can't unring the bell I would submit that the King Gore should apply. And what's your best support for your assertion that the government's sentencing memorandum, the statement that the guidelines did not accurately capture the prior criminal history, that that to the extent that we were only to recognize that as clear error, what's your best support for the notion that that was prejudicial to Mr. Honesty if we rejected all your other assertions of error? Which particular? In the sentencing memorandum. Well the sentencing memorandum starts with, the problem is it starts with inviting the judge to consider variance. That's what I'm referring to and so assuming we thought that was error, that it did invite a variance, if that were error what's your best basis for saying well that's prejudice here because there's a lot of other, if we were to only hold that that was error there's a lot of else that the district judge refers to in support of the variance that he applied. Well it's sort of the timing is is the way I look at it. The government submitted its memorandum and invited the court to consider variance by the language of the written advocacy but at the same time within the written memorandum and then repeated and again and again emphasized in the oral advocacy were the indications specifically that the criminal history did not accurately capture the criminal history of Mr. Honesty which specifically invites consideration of the higher guideline range. You start you answer by saying something about timing but I'm not sure that I caught what your point of timing. So we start with the written advocacy and that is before the judge issues an order saying it's going to consider basically all the things that were mentioned in the government's written advocacy memorandum. So the memorandums first the judge then says now I'm considering an upward variance or departure and lists literally the factors that the defense that the government raised and so it's almost impossible to determine that the judge wasn't influenced by that and under the standard of being able to show a The government's memorandum raised those issues the under-representation of the criminal history. It had inflammatory information about crime rates, gun violence, things that apply to everyone that wouldn't necessarily support a specifically provided information which the judge then took to determine that a career offender that he was a de facto career offender when technically he was not none of the the offenses that the judge referred to would have made him a offender and so these are all run-of-the-mill drug and gun kinds of factors that are properly considered but the government's memo started it and then it became exaggerated and emphasized more significantly in the oral advocacy when when the AUSA again repeated that the 92 to 115 range appeared to be appropriate that the current criminal history points don't really capture the totality of the criminal history. The government discussed and provided information about a victim impact statement from 12 years ago not the current case but 12 years ago which was inflammatory seemed to be marginally relevant certainly when you figure that the government's responsibility that that those kinds of discussions went far beyond what was permitted under the plea agreement. The government argues that all of that information is relevant to support the government's allocution for a sentence at the top of the guideline range the agreed guideline range the corrected agreed guideline range and and then you know the plea agreement has this specific proviso the reserves the party's rights to answer inquiries from the court including if the court is contemplating a sentence outside the guideline range and the district court here obviously did request argument on that how how in your view should the government have responded differently from how it did respond in exercising its prerogative to answer those inquiries? Well I would say that the that should have answered it more in line with some of the cases where and I don't remember the specific names but they're they're in the brief where prosecutors held firm and said this is our agreement and they literally said that excuse me they literally did but but on multiple times bookended with it will actually one time he said I don't think it didn't even say unequivocally I can't do this it said I don't think I can do this but when you know the whole concept of giving lip service to the plea agreement while at the same time providing information that suggests a different guideline range that those weren't factual summaries that were given those were conclusory statements suggesting in violation of the agreement. It sounded like all the facts that were given were arguments in favor of the high end of the guidelines range. So back to Judge Pillar's question what was not an argument for merely the high end of the guidelines? Maybe that wasn't Judge Pillar's question but that is my follow-up to Judge Pillar's question. I think that first of all most of the statements the inflammatory statements and whatnot that and the statements about the higher criminal history category were not in response to the court's questions. I guess you could say they were in general in response to the court's notice that it was considering an upward departure of variance but generally in many of the cases and I I want to give you the opportunity what is an exact quote from the transcript that was not could not be understood to be merely an argument in favor of the high end of the guidelines range? Current epidemic of gun violence in the community combination of firearms. So just stop with that sentence why is that not an argument for the high end of the guidelines range? Because that is something that applies to all defendants it doesn't differentiate where this defendant should be in the guidelines or outside the guidelines that is just general inflammatory information. It applies to all defendants it seems like it's within the guidelines. It has the appearance of being inflammatory under the circumstances when you have a dual responsibility to provide information as requested by the court but honor an agreement to. The defense counsel was arguing for a lower sentence than the high end of the guidelines range right? That's correct. So the government in order to defend its position for a sentence of the high end of the guidelines range had to state some facts to suggest that this defendant's conduct in the context of the crime were worse than a sentence that would be worse than the conduct that would call for a sentence to low end of the guidelines range right? No doubt that the prosecutor would be allowed to provide certain information. By saying there's a drug epidemic and this is a particular neighborhood why would that not be an argument for the high end of the guidelines? Well I think if you isolate each statement then you could try to justify it but I think that these cases say you have to look at the totality of the advocacy and the totality of the advocacy notwithstanding the occasional statement that you know we we've made an agreement to cap our allocution. Many many of the statements suggested that a higher guideline range was appropriate. That is goes beyond the pale of suggesting that a sentence at the top of the range is what's appropriate. All of those comments that suggest a higher range is appropriate signals to the court that I'm not satisfied with this range and even a sense that the top isn't sufficient it really should be above that. Those are improper statements and comments when the government agrees to cap its allocution. When if this were to be vacated and remanded and the government were to once again argue in favor of the end of the guideline range what can they not say that they said before? I think they cannot say at the same time they're saying we're asking for 96 months they cannot in the same sentence or breath or next sentence say and you know we calculated and believe that 92 to 115 month is really the appropriate one that's the the reasonable one we thought it at the time and we still believe that that better captures it and your client agreed to that mistakenly apparently but well mistakenly but you know the government shouldn't be able to make a mistake in the in the plea agreement have a defense counsel not catch it and then use it as a basis to say this is the more reasonable sentence the applicable guidelines the applicable guideline their agreement was we're bound by the applicable guidelines and to spend time talking about sentence ranges other than the applicable guideline violates the spirit and letter of the plea agreement you argue in your opening brief that that the guideline range already accounted for mr. honesty's possession of multiple drugs including PCP which the court identified is especially dangerous because you to the enhancement that was that mr. honesty received under 2k 2.1 b6 but the government points out that that enhancement is for committing a felony offense while armed and the government asserts that doesn't capture the concerns that the district court articulated about the multiple drugs including PCP you don't respond to that in your reply do you have anything you would add about the extent to which that guideline encompasses already the dangerousness that the district court identified I'm reasonably certain that that enhancement was because it involved another offense in this case it was a drug offense gun and drug and a four-level enhancement additionally if you look at the guideline calculation in the present report it shows that there are grouping rules and that all of the drugs were considered they were applied were given an offense level and the total offense level and criminal history scores were category were scored and so in the course of that they were all accounted for in the normal sentencing I didn't I guess I didn't think that that was a significant issue because it seems on the precincts report everything is counted and therefore I didn't view that as a significant issue on on remands if there this is this were to be remanded to the government imagine the government says the following we recommend 96 months the defendant agreed in the plea agreement into a guidelines range up to 115 months that shows that 96 months is not too high is that okay I believe it's not okay the the argument in favor of 96 months since it's a way to show that 96 months is not too high I believe that the fact that it's in the plea agreement one mistakenly prepared by the government not called by the defense but secondly the fact that the the range is reasonable for appellate purposes not for sentencing argument at the district court level when the agreement is to cap the allocution at the top of the applicable guideline range so to use that as a basis to get around the agreement would be improper would be my position I appreciate that you good morning your honors David Goodham to the United States I'd like to address what some of my opponents arguments and certainly addressing the court's questions but before I begin I'd like to start with a sort of a global point if you will in in arguing for the top of the guideline range sentence below the government submitted a 21 page sentencing memo and argued at the hearing for six transfix pages foot so for 27 total pages advocacy for the government in those 27 pages the government asked for a top of the guideline sentence of 96 months seven times that's once every four pages now I understand that an implicit breach inquiry does not involve a simple math equation my point in emphasizing the repeated refrain of the government or top of the guideline sentence is this there's a reason neither the Defense Council nor the trial court below said a peep about the possibility of an implicit breach here and the reason is there was a consistent adherence to the agreements promise on the part of the government I will add that Pollard emphasizes that when you're talking about implicit breach you're talking about nuance you can't just point I'm sorry I'm sorry your honor when you're talking about him implicit breach you're not you're talking about nuance you're not talking about an express provision of the agreement that is violated my opponent agrees we are in the category of implicit breach and what Pollard says is when you're talking about such nuances we're going to put a significant amount of weight on the contemporaneous reactions of the Defense Council and trial and the trial court here we have a vacuum with respect to their reactions to the government's arguments so the Defense Council seems to have dropped the ball at at the sentencing allocation but it jumps out and this is a page I guess 19 of the you're sentencing memorandum or your colleagues sentencing memorandum at a 135 in the memorandum you could send it honest ease a criminal history points do not capture totality of his criminal behavior to me that is an invitation the guidelines range as calculated and presented in this memorandum and doesn't capture what this person did that seems like I mean implicit yes because it doesn't say therefore very but that is really effectively saying guideline may just in capture go higher and the district judge response promptly by tracking that sentiment and asking for further submissions that that seems like pretty strong evidence of implicit breach I disagree with your honors reading of the record with respect to the government sentencing memo and I want to make a couple points in response first what Pollard counsels and I think this is critical to this it's true the government pressed its case against Pollard at sentencing with a considerable force and in particular hap Weinberger secretary defense statement made references of treason but what Pollard said is that statement was just as consistent with a quest for long prison sentence that would be short of a life term as it was consistent with a lengthy term and that's what's going on with respect to all of the sort of qualitative characterizations of the conduct of the defendant this he did that it's it's really the sort of technical to my ear a door opening character of this the criminal history points to not capture the criminal behavior sure which is a way of saying you know and that that is tracking what the guidelines identify as a ground for going up above the guidelines so it's it's basically saying you know here's a ground it's that this judge knows is a ground for upward variance which is why he reads this turns around asks for briefing on that and yes at the hearing government counsel is acknowledges the obligation to to stay within the guideline range but has a statement that I mean if you know yeah I have to I have to stick with this but you know and then it's like in contrast to that obligation I'm gonna tell you why this case is why this person is so dangerous I mean if it's surely it can't be in compliance with a plea agreement commitment on the government's part just to not ask for anything above the top of the correct guidelines range it can't be consistent with that for the government to say well we're bound to advocate within the guideline range but this is a really serious case but the range doesn't doesn't take account of this this this we're sticking with the guideline range of course your honor but this case is far different from any of the guideline range cases we've seen before I mean at some point that the drumbeat of you know we're asking for the top or asking for the top words it doesn't doesn't correct for that if I may respond to a couple at first I want to talk about the sentencing memo and I want to put your your your honors focus on that language in the sentencing memo in context okay and then I wanted and then I will transition to the sentencing hearing because I think context is very important here and as my opponent rightly points out we're talking about totality of circumstances approach to this you have to look at this mosaic you have to look at the constellation of facts let's start with the sentencing memorandum first the government the government's phraseology I think is critical here the government and the government at JA 135 says the criminal history does not capture the totality of his criminal behavior no citation to a departure or provision no reference to a variance there and that I would suggest should be contrasted with the actual under represents a series of defendants criminal history so a small point but I think it's relevant in the mosaic the government understood that this was a permissible argument for a top of the guidelines sentence and again let's put this in context my the defendant was arguing for a bottom end of the guidelines range so that's that's my first point with respect to the judge he understands the guidelines he understands his his authority within the scope of the guidelines so I think in the context of plain error to assume that this was a triggering factor for the judge is probably not appropriate given that the defendant has to show a plain clear or obvious breach what about in the end of that very same paragraph in the sentencing memorandum starts defendant on honesty's a criminal history points does not capture totality of his criminal behavior it ends incorporated those points into defendants honesty's criminal history score would result a guideline range of 92 to 115 months which was the guideline range contemplated in the plea agreement say erroneously contemplated or contemplated the plea agreement which to be sure was you know contained error and has since been corrected and which we're not basing our argument on I mean this is really hard to square again with you and you're doing a good job I mean I do think that your point about substantially under represents versus does not capture I mean a further point again context is important here it's actually the government that gets the parties to the correct criminal history points or I noticed that yeah and in the context here for the government statement that you're that you've quoted comes on the back end of roughly five or six pages of the government laboriously and scrupulously going through the criminal history points and getting the parties and the PSR writer to the correct score which was eight points as opposed to when it started at ten points I think or eleven points so when the government makes that declaration that your honor has quoted it's in the context of the laborious sort of detail oriented nature of hey this was a complicated criminal history score and the party screwed up actually at the beginning we're now on the back end and I think from the government's perspective it's fair for the for the government to point out is well on the one hand he does get the benefit of the lowered from a history score that we've now produced for you and that everybody agrees ultimately is correct but also on the other hand we think there are reasons why that criminal history score doesn't accurately capture the way that the totality of this criminal behavior if I can move to the sentencing hearing if I'm sorry go ahead you know I just think if you're really sticking to the obligation to stay within the back she would not say this range doesn't accurately capture you could say and within that range which is corrected it really belongs at the top this is not your average offender of this type with this history this is somebody who is at the most serious end of that I mean that is not the way this was presented in at the hearing so go ahead and well I do want to actually close the loop on the sentencing memo the quotation from that your honor is focused on is that excuse me ja 136 and 135 excuse me well on the next page 136 for that reason and given the above factors the government believes in 96 months at the top of the ranges is necessary and mandated and then on page 137 defendant history honesty should be sentenced to a term of prison some 96 months followed by three years of supervisory course no I mean again and again the government formally asked for that that's why I'm saying this is an implicit you know it's a claim of implicit recommendation you know urging to be outside the range sure you say you know as many times as you want and the district judge understands that you're not gonna ask for a different number I mean that would be an explicit breach right but but to sort of have all this laying out of the of the erroneous much higher and then you understand my point and I and I see you I appreciate that that the the request is in fact within the range I won't believe that but I do think again when we're in the context of plain error and we're talking about the contemporaneous reactions of both the trial court and the district court we should assign as this court has said in Pollard great weight to the fact that this was not something that caused defense counsel to I'll leave it at that I want to talk about the sentencing transcript before I do I do want to remind the court though that also you know again when we're talking about a totality of circumstances approach here we can we can zero in on particular phrases we can zero on on particular sentences but when you're talking about the mosaic you have to ask the question you know did the government adhere to its promises and we think that totality here demonstrates that but let's focus on the sentencing hearing transcript obviously we have a different reading the transcript that's just been posited by your honor our reading the transcript is this at GA 155 the court quote invited argument on its its minute order which made reference to the possibility of a variance or not and I think the critical part of the government's response to that invited argument is at GA 160 what the what the government does there is assiduously stamp down the notion that it can argue about this so the GA 160 the first thing the USA does is remind the court quote we did cap our allocution at the top of the applicable range then the AUSA goes on and declares I can't stand here and advocate for an upward departure or an upward variance so boom right off the bat following the district courts invite argument what we have here is the AUSA saying look I can't argue this I capped my allocation we have promises to keep then frankly what I think the transcript betrays is the government then simply repeats its sentencing memorandum argument now if you if the if this court disagrees with my take on the sentencing memorandum argument which is that's a perfectly permissible argument to make both for a top of the guidelines range and perhaps a variance if it's doing double duty then it's permissible and what the what the AUSA does at GA 160 161 is the the AUSA actually quotes from its sentencing memorandum and this is a quote we did mention this in our sentencing memo where we stated mr. James Onassis criminal history points do not really capture the totality of his criminal history behavior the government is simply repeating what from the government's perspective is already a permissible argument in support right and if you don't think it's a permissible argument then I mean I think it's really the opening the door in the memorandum because once the then the district judge response I mean this is this is mr. honesty's argument once the district judge responds to the sentencing memorandum saying the criminal history points don't accurately reflect this offenders criminal history then the judge asked for the parties to address the upward variance on this basis and they do and then once the district judge is asking you know it's it's harder to see that as clear right the district judge is saying watch when I bury watch and they bury and the prosecutor saying well you know he is pretty serious offender he does have a lot and I wonder about that doesn't seem like there was an objection and there isn't an objection on appeal to the whole narration of the error in the in the original plea you know it just feels like once you put that in front of the court I mean that's what he then gravitates back to well you know again when we're talking about feeling and perception again I think that perception was not one taken away by defense counsel nor was it one taken away by the district court the district court of course understood the plea agreement the a USA reminded the district court of the plea agreement requirements the district court has a duty just as much as defense counsel to raise a possibility of a breach if the district court perceived it again complete silence you know I just want to finish my my my sentencing hearing point which is we have the a USA closing that loop on the one hand the court has said invite invited argument the USA says I'm not arguing I can't argue reminds the court about the allocution cap simply repeats a prior permissible argument from the sentencing memo and then returns critically returns to the the the this is a J 161 again the USA says I can't advocate for a variance or departure on the plea agreement J 161 and the entire response that the USA offers is a request for 96 month top of the guidelines range at 161 honestly if I might you know we haven't really talked much about you know these are all fact-bound cases and there's a lot of variation within cases I think a good barometer or a good template for comparison here is the Thomas case from this court in Thomas the defendant pled guilty to interstate communication with the parties agreed not to seek a different US guideline calculation and thus agreed not to include an enhancement for defendants demonstrated ability to carry out as threats at the sentencing hearing however the district court brought it up the enhancement on its own initiative and asked the prosecutor about the application of this demonstrated ability to carry out threats enhancement and the prosecutor you know again with some sort of when you're speaking can you know extemporaneously you're not going to be choosing your words particularly carefully but the prosecutor said well look he was in a quote unfortunate and somewhat difficult position and stated it was our interpretation and understanding of the facts of the defense did not involve the defense ability to carry out this threat that's a 999 f-3rd at 728 when the judge pushed back and asked whether the actual demonstrated ability to carry out the threat was irrelevant as legal matter the prosecutor responded with sort of very heavily laden double negative the prosecutor said we are not arguing that legally that it doesn't apply we are not asking that it apply in this case and that's at 729 the defendant argued the prosecutor had essentially effectively effectively agree the court should apply an enhancement this court rejected it said not only not clean air but nowhere at all and the court said even if we understood the double negative as a feeble admission the enhancement might apply we would still hold the prosecutor not a breach the agreement that's a page 729 the government did not at any point seek the enhancement the government district court raised it without prompting and the district court applied it over the government's objection I would suggest all of those facts apply here and that Thomas is a very good template for this sports analysis by chance do you know what the pretrial sentence report recommended I do the at the top of the guidelines range 96 months and so the consistent with the government's refrain for a top of the answer any of the court's questions and I will address anything that but I do think there are two critical features of this case one this is plain error and you know we don't think this is there's a breach here we think the mosaic the constellation of facts demonstrates the government adhered to its bargain and there's a reason there's silence from defense counsel number two it certainly can't be said that this was plain clear or obvious error we are at most talking about phrases slash sentences that might have hidden meaning and when we're in the context of debating the nuance of a phrase or a sentence when a prosecutor is doing his or her best to answer a court's question on the one hand and adhere to promises on the other hand when we're in the context of having a reasonable debate about that then I think we're in that outside the context of playing clear obvious error you know from the government's professor perspective the government did not implicitly breached the agreement here it's stuck to the letter of the agreement there was a consistent refrain it had a job to do with respect to a top of the guidelines argument you know a little bit about prejudice if we if if the court was fine that the government breached it would still have to find prejudice right yes and that's a court's difference if we're in preserved context then all bets are off you automatically get a remand but when you're in plain error context it's it's the defendant's burden to show not only just a substantial prejudice attendant the error number one but then a fundamental miscarriage and pronged for a bolano and here there were many facts with the court's permission there are many facts in addition to the criminal history of the defendant that the court relied on would include brandishing the weapon and not merely possessing it would include abandoning the gun feet from an elementary school would include that he possessed three different dangerous drugs in particular pH PCP which poses an extreme danger to residents of DC yes absolutely and that's a transcript page you know this is a 13 page explanation from the court and the first four pages focus solely on the input what the court calls the quote incredibly serious offense many of the facts that your honor just recited support that the pretrial sentence report identified those considerations I believe that's accurate your honor there's no doubt the court focused on the defendants what what the court called the long and disturbing criminal record that's at page 36 of the transcript but I think most saliently what the court focused on even in the context of the criminal history was the similarity between the defendants consistent convictions and so at page 36 the court says I have five convictions for having loaded weapons three convictions for possession with intent to distribute and and I'm struck not only by the number of offenses but the severity and that most of them involve weapons and that's a page 37 but then I think another feature of the court sentencing that has nothing to do with criminal history is the sort of brazen inability of the defendant to exercise restraint if you will went on supervised release and this is sort of critical the portion of the court sentencing it's page 37 of the transcript you know the court sort of a gas is less than 10 months after being released on CPW well he engages in a carjacking nine months after his carjacking release he has the Maryland armed trafficking case and six months after that he's arrested in the present DC case and as the court says that's quite a crime scene spree for someone who has been in and out of prison for a long time and that's a page 37 transcript so you know if we're talking about the sort of minutia that the government made with respect to the criminal history points not adequately demonstrate the criminal the defendants criminal history I think what we have here is a district court judge who went way beyond just focusing on that feature of the case I think there's there's more the district judge talked about I take issue with the tone of parts of your memorandum which seems to variously blame your mother your father the Bureau of Prisons in the behavior during the sentencing hearing itself and sometimes the defendant was interrupting the district the district court and not I also your demeanor throughout this case is not all been consistent with remorse you actually had to be removed at the last hearing because you're outburst there's a lot there it's all goes to practice would all go to prejudice right even if we were to yes absolutely again it's a defendant's burden when we're in that context he hasn't disagreed we're in plain-air land do you do you think that the district court adequately explained why the sentence wasn't higher why it wasn't beyond the 115 yeah I think the court had a very reasonable and rational explanation for why it was comfortable with it with 115 and I think again the court focused on the similarity between incident offenses and the defendants past convictions number one this court also focused on the fact that defendant had committed many events soon after being released and then the course all those speak to why it should be at least 115 I believe so I'm not sure I see much of an explanation for why it shouldn't be higher than 115 well I mean I think from judge McFadden's perspective he was varying upward the explanation had to be okay I'm outside the game guideline range of 72 to 96 months I'm going up I need an explanation for that and I think that the record amply that it's rare but sometimes the US Attorney's Office will appeal the sentence as too low correct it does happen for sure but it's it's the bottom line here is there's no debate really from the government's perspective that there was an adequate explanation here I've run well over my time I would ask that the court from the judgment and conviction below thank you thank you very much and does mr. Katz off have rebuttal all right we we asked you many questions and took you over your original time of those I will but try to keep it short just I have a question where did you seek resentencing before a different district court judge I did not specifically reference that in the briefs all that was in the briefs was that we felt that a remand or resentment is that correct that's correct I wanted to just with reference to government councils focus on the reaction of judge and defense counsel and the emphasis on putting things in context first of all I think the records clear but defense counsel I think was a substitute counsel for a case that had been going for a long time for I want to say two months ask for about 60 or 90 days and barely got 50 I think because he had a murder trial in PG County in the interim when he entered his appearance the end of July and so to try to put a lot of weight on defense counsel's one catching the error to reaction it's a little make any ineffective assistance I didn't think it rose to the level and so there is no ineffective assistance argument with regard to that but in context there's a reason that the cases say that that these issues are to be reviewed at the at the at the time of the appeal not at the time of the reaction of the judge or not the reaction of the judge in this case as I argued earlier this started with the government's sentencing memorandum then the judge's minute order than the judge adopting most of the government's arguments I'm not sure I entirely followed what you just said about these issues are to be reviewed as of the vantage of the appeal not at the time I mean we're on plenary review because there is an obligation to raise the objection at the time that's correct and so it puts it into the plain error category but it's a little bit strong to make a decision at the appellate level based on whether the district court reacted or didn't react in this case the district court became on board with the government's recommendation and followed suit right along the lines the government had laid out so it really doesn't say much in the context that the judge didn't react at the time and that's a reason to somehow find it doesn't meet plenary standard do you know if if I'm not sure should we presume in in a typical appeal that the defendant's attorney read the government's sentencing memorandum I I would think in the normal course I I don't know if there's a basis to to to maybe resume that or not maybe a rebuttable presumption but I have to say I've never never been asked that question I don't know the answer government sentencing memorandum absolutely so it's a little alien to me to consider and I'm not sure whether the law shouldn't but I think it's possible that that should be sort of a rebuttable presumption about a defendant's counsel and also maybe that there should be a sort of I don't know if it's technically a presumption of regularity but a sort of rebuttable presumption that the government is being faithful to its promises in a plea you know absence sort of sufficient evidence to rebut that presumption well it seems that the language implicitly went very far yes the Thomas comparison I would just submit very distinguishable those issues weren't first raised by they were raised by a very tough district judge the prosecutor was pushed and and held yes fair I don't I don't mean that word to be but one who wants to get to the point and and that prosecutor held firm far firmer than what was gratuitously without being pushed provided in this case so my point is I think it's very distinguishable on plain error you know it seems from the language that the implicit breach is clear it seems that it affects substantial rights on those under the King or standard of having to show a reasonable likelihood that it affected the sentence even with all the other factors some of which we've alleged were improperly considered by the judge and I'll rely on the brief for those arguments that that mr. honesty makes that standard and obviously if he makes those prongs then it affects the fairness integrity and public reputation when a sentence is affected by a breach by the government and requests for our sentence so we would ask for it I would ask the court to do the three-factor analysis even though I didn't specifically address and I only asked for a remand and resentencing so are you today asking for reassignment I am so mr. castle you were appointed oh I'm sorry oh I can understand the basics well clearly didn't raise it so the government hasn't had a chance to respond that's correct except the government's only had a response an opportunity today my my position is it's relatively straightforward the three factors and normally we would have to find the judge did something wrong well not necessarily we just have to find that it would be hard for the judge to not be affected by the decisions that were made asking for your best case I've been on this court long enough to know how rare that is well that is true it is not often but I would say that it's impossible to unring the bell as we say a lot of times with juries and in this case I would say with the judge who's been through the sentencing process and has been affected by the breach that well we don't know but I would submit that it's sufficiently an issue that it would be the appropriate and if we don't rather doesn't that mean that you lose under the plein air review I don't think that we necessarily lose if we if we're at a point of determining the remedy and whether a reassignment is part of it I don't know whether the alleged breach prejudice the defendant seems like you haven't met the plein air standard well our position is that it has affected him it has affected the sentencing has affected the judge just you know I'm saying that we can't be in the minds of the judge so these are conclusions that are drawn based on this the facts that are presented on the record and I'm not trying an answer to judge Rogers questions to say that I know judge McFadden is not fair couldn't be fair I'm saying that it's inappropriate to put judge McFadden in that position we don't blame blame the judge clear is the judge had a pre-sentence report before him correct that's spelled out the criminal history correct the judge knew all that if the prosecutor hadn't said anything the judge still knew it all and basically was saying he disagreed prosecutors well I wouldn't agree that the judge still wouldn't be influenced by the rest of the record that was presented for sentencing besides the pre-sentence report and the judge even said the pre-sentence report and the probation officer's recommendation is just based on these facts and I have to review more and so part of that was the representations by the government and the conclusions drawn thank you mr. cats up you were appointed by the court to represent the appellant in this case and the court thanks you for your assistance the case is submitted
judges: Pillard; Walker; Rogers